UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LANCE COFIELD,

Plaintiff,

25-CV-0878-MAV

-vs-

ORDER

SILVER POINT MANAGEMENT LLC,

Defendant.

---

Plaintiff Lance Cofield filed the present action in September 2025 alleging this Court has diversity jurisdiction over his state law claims against Defendant Silver Point Management LLC. ECF Nos. 1, 6. Plaintiff did not pay the filing fee but applied for leave to proceed in forma pauperis ("IFP"). ECF No. 2. Subsequently, he filed a motion for default judgment (ECF No. 9), and a motion for service by the United States Marshals (ECF No. 10).

As an initial matter, the Court denies without prejudice Plaintiff's motions for default judgment and service by the Marshals. Rule 4(b) of the Local Rules of Civil Procedure of the Western District of New York authorizes service by the United States Marshals only after a pro se plaintiff has been authorized to proceed IFP. *See, e.g., Meadows v. Erie Cnty. Dep't of Soc. Servs.*, No. 23-CV-920-LJV, 2024 WL 2319829, at *1 n.1 (W.D.N.Y. May 22, 2024) (discussing Loc. R. Civ. P. 4(b)). Here, Plaintiff's complaint did not proceed to service, because his motion for IFP was still pending. Further, "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014)

(internal quotation marks and citation omitted). Here, because Plaintiff's complaint did not proceed to service, default judgment may not be granted.

However, the Court has now reviewed Plaintiff's motion to proceed IFP and his supporting affirmation required under 28 U.S.C. § 1915(a), and finds that Plaintiff has met the statutory requirements and may proceed in this matter IFP. Because Plaintiff is proceeding IFP, the Court has conducted an initial screening of Plaintiff's complaint using the 28 U.S.C. § 1915(e)(2) criteria.

Based on the Court's screening, the Court finds that Plaintiff's complaint must be dismissed without prejudice.

## BACKGROUND

The following background is drawn from Plaintiff's pro se amended complaint. ECF No. 6. The Court has accepted all factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

Plaintiff alleges that he is a tenant in an apartment complex owned by the Defendant company, which is based in Montvale, New Jersey. ECF No. 6 at 1.[1] He states that on August 15, 2025, he injured his foot when he stepped on a nail protruding from a stairwell baseboard that had been concealed by being painted over. *Id.* Plaintiff sought medical treatment – including a tetanus shot – for his injury at Kenmore Mercy Hospital, and maintains that

[1] The page numbers cited in this Decision and Order refer to the pagination inserted by the Court's CM/ECF system in the upper right-hand corner of the document.

he continues to experience pain and functional limitations, including persistent numbness, a pulling sensation, throbbing pain that radiates into the Achilles tendon, and a constant burning sensation. *Id.* He states that he sought further evaluation of his foot at St. Joseph's, where doctors drew blood and performed an x-ray of his foot. *Id.* at 2.

Additionally, he states that he and his wife have contacted Defendant multiple times regarding mold and mildew in their apartment, but that Defendant has not adequately remediated the mold and mildew. *Id.* at 1. The presence of mold and mildew, he alleges, "pose[ ] health risks, including respiratory irritation . . . ." *Id.* at 2.

Plaintiff filed the original complaint on September 12, 2025. ECF No. 1. He filed an amended complaint on September 29, 2025, alleging negligence and breach of the warranty of habitability. ECF No. 6.

## LEGAL STANDARD

Section 1915 of Title 28 of the United States Code "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A complaint filed pro se must be "liberally construe[d]" and "interpret[ed] . . . to raise the strongest arguments it suggests." *Abbas*, 480 F.3d at 639 (citing *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002)). Nevertheless, the Second Circuit has instructed courts not to "read into pro se submissions claims that are not consistent with

the pro se litigant's allegations or arguments that the submissions themselves do not suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

At the first step of the § 1915 screening inquiry, the Court must determine whether it has subject-matter jurisdiction over the plaintiff's claims. Federal courts are courts of "limited jurisdiction," which means that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court can typically adjudicate only three types of claims:

> (1) those that "aris[e] under the Constitution, laws, or treaties of the United States"—so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000—"diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution"—"supplemental jurisdiction" under 28 U.S.C. § 1367(a).

*Dor v. Google LLC*, No. 3:25-CV-01915 (SVN), 2026 WL 438112, at *2 (D. Conn. Feb. 13, 2026). If "the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *Jones v. Free & Accepted Masons*, 685 F. Supp. 3d 148, 151 (W.D.N.Y. 2023) (collecting cases and quoting Fed. R. Civ. P. 12(h)(3)).

Next, the Court must dismiss the complaint, or any portion thereof, if it determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). On the other hand, a complaint sufficiently states a claim when it is "facially plausible"; that is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Generally, where screening reveals that a complaint is deficient, a pro se plaintiff must be allowed an opportunity to amend or to be heard prior to dismissal "unless the [C]ourt can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). That said, leave to amend is properly denied where amendment would be futile. *See, e.g., Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

To invoke a federal court's diversity jurisdiction, a party must establish that: (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs or interest; and (2) there exists complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Here, because

Plaintiff has not adequately alleged either, he has failed to establish this Court's subject matter jurisdiction, warranting dismissal.

Plaintiff has not adequately alleged diversity of citizenship. The principles for assessing diversity of citizenship under 28 U.S.C. § 1332(a) are well-settled:

> "Diversity jurisdiction exists only 'when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants.'" *Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021) (quoting *Lawrence v. HHC TRS FP Portfolio, LLC*, No. 20-cv-4843, 2020 WL 6273946, at *1 (E.D.N.Y. Oct. 26, 2020)). "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quotations and citation omitted). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) . . . .

*Harkins v. Citizens Bank*, 744 F. Supp. 3d 268, 273 (W.D.N.Y. 2024).

Although his certificate of service indicates that Defendant's mailing address is in Montvale, New Jersey (ECF No. 6 at 3), "[i]n general, the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Thus, "[c]itizenship of all members must be known to insure that complete diversity exists in this action." *Rush v. Hillside Buffalo*, LLC, 314 F. Supp. 3d 477, 481 (W.D.N.Y. 2018) (internal quotation marks and citation omitted). Here, Plaintiff does not identify any members of Defendant, let alone

their respective citizenship, leaving the Court unable to determine whether the parties are, in fact, "diverse" under 28 U.S.C. § 1332(a)(2).

Plaintiff has also failed to adequately demonstrate that the amount in controversy exceeds the sum of $75,000. The Second Circuit has held that the party invoking the Court's diversity jurisdiction bears "the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). This burden is not onerous, but "[a] plaintiff must allege facts sufficient to 'plausibly show an amount in controversy of more than $75,000.'" *Pucha v. Peters*, No. 23-CV-4113(DLI)(SJB), 2023 WL 6121797, at *2 (E.D.N.Y. Sept. 19, 2023) (quoting *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 156 (D. Conn. 2016)). Bare and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *Id.*; *see also Wood v. Maguire Auto. LLC*, 508 F. App'x 65, 65–66 (2d Cir. 2013) (citing *Ashcroft*, 556 U.S. at 681).

Here, although Plaintiff alleges injury from stepping on a nail, he does not specify or even estimate what medical expenses he incurred or will be caused to incur by the injury, whether the examinations or diagnostics allowed an actual diagnosis of the extent of the injury, and whether the injury led to any limitations affecting his work or daily activities. Further, he does not allege any actual injury from the mold and mildew, but only observes that it "pose[s] potential health risks." *Id.* Lastly, even assuming there is merit to the

breach of the warranty of habitability claim under N.Y. Real Property Law § 235-b, "[t]he most frequently applied measure of damages for this sort of breach is rent abatement," rather than damages. *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 568 (S.D.N.Y. 1995).

## CONCLUSION

For the reasons above, Plaintiff's motions for default judgment and service by the Marshals are denied without prejudice, but his motion to proceed IFP is granted. After screening the complaint under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's state law claims for negligence and breach of warranty of habitability are dismissed without prejudice and with leave to amend because Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction.

Plaintiff is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion to proceed IFP, ECF No. 2, is GRANTED; and it is further

ORDERED that Plaintiff's motions for default judgment, ECF No. 9, and for service by the Marshals, ECF No. 10, are DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that Plaintiff may file an amended complaint as directed above by no later than **November 6, 2026**; and it is further

ORDERED that the Plaintiff shall be sent, with this order, a copy of the original complaint, a non-prisoner complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by **November 6, 2026**, the claims dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) will remain dismissed and the Clerk of the Court shall close this case as dismissed without further order; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion,

to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 21, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge